Shaxjck, C. J.
The view presented by the relator is that this legislation confers corporate power, that it is special because it applies to the city of Cleveland alone, and that it is therefore repugnant to section 1 of article 13 of the constitution which ordains that: “The general assembly shall pass no special act conferring corporate powers.” Counsel for the defendants, of course, admit that it confers corporate power and that in its present operation it confers it upon the city of Cleveland and upon no other municipality. They say, however, that the operation of the act is restricted to the city of Cleveland, not by naming that city, but by describing it by a grade and class in which that city stands alone. The proposition necessary to give importance to that distinction is that the validity of legislative acts is to be determined, not by their present actual operation, but by their possible future operation. No reason is offered in support of that proposition. Indeed the proposition is uniformly suppressed.
The inevitable reliance of counsel for the support of this legislation is upon the decisions of this court sustaining the validity of legislation, dividing the cities of the state into classes qnd grades so that said cities are isolated, for the purpose of receiving grants of corporate power not conferred upon any other, city. Such legislation was originally sustained upon the theory that the classification would remain uh- *179 changed, and that in the progress of the state’s development other cities would enter the classes existing. It was a judicial prophesy that an act whose practical operation was special when it was passed and considered would,- in time, operate generally. How this prophesy failed of, fulfillment appears from the fact that for a quarter of a century the five largest cities of the state, have, in important respects, been subject to acts conferring corporate power and operating in each of them separately. With but little modification the same observation might be made of many other municipalities. It has resulted that to a majority of the urban population of the state the provisions of this article of the constitution have become chiefly known as sources of hope which have never been realized. It is quite true that many appeals for relief from such legislation have been made to this court based on the claim that these beneficent provisions of the constitution should be put into practical operation. It is equally true that the doctrine of classification, or such isolation under the form of classification, has been adhered to. The reports show that a majority of the members of the court have regarded themselves as bound to pursue a course upon which our predecessors inadvertently started. A careful examination of the cases seems to warrant the observation that since the practical effect of the doctrine has been demonstrated, the cases upon the subject have been followed without approval except in the separate opinion of Minshall, J., in State ex rel. the Attorney General v. Ratterman et al.. 58 Ohio St., 731. These observations are made here only to show that a doctrine so completely discredited should not be extended. The present case is to be decided in deference to that doctrine and to the decisions upon *180 which it rests. Some members of the court seem willing to have it understood that they really entertain such deference. Others of us are willing to assume it for the purposes of this case, as it will permit us to reach wiiat we conceive to be the correct conclusion with respect to this legislation.
We are not now7 to test these acts by our knowledge of their actual operation, but w7e are to imagine that the classification is to remain unchanged indefinitely so that without limit of time other municipalities may enter the same grade and class with Cleveland and so become subject to all legislation which is valid as to that city, and then inquire wiiether all of the cities which may enter said grade and class will become subject to the acts now7 under consideration. In the first section of the act of April 6 it is provided that the first election to the board of park commissioners shall be held on the first Monday of April, 1901; and of course it can operate only in cities wiiich on that day are in the second grade of the first class. In the brief of counsel for the defendant this point is met with the suggestion that under existing statutes the cities of Toledo and Columbus, having the population required to advance them to the second grade of the first class, might by their voluntary action effect such advancement so that they might be, or at least they might have been, advanced before the first Monday of April, 1901, and there w7ould be three cities subject to the operation of this legislation. In the view we are now7 taking of the subject this suggestion of the imagination is legitimate; but it is manifestly inadequate. It assumes that the doctrine of classification will be satisfied if the legislation applies to a plurality of the cities belonging to the grade and class. The *181 doctrine is not quite so bad as that. It is of its essence that every municipality in the state now below the first class may be advanced to the second grade of the first class upon its attaining the requisite population and taking appropriate action for that purpose, and that everyone of them, when so advanced, without limit as to their numbers or the time of their advancement shall become subject to-every legislative act which is now valid as to that grade and class. It is, therefore, quite evident that at this point the imagination of the framer of these acts wearied in its flight, and failed. That the city of Cleveland alone was in contemplation in this act is quite evident from others of its provisions which are set out in the statement of the case.
Because the doctrine of classification of cities is not to be extended this legislation is void in view of others of its provisions. According to that doctrine such classification has been recognized as effective to prevent the present actual operation of the constitutional provision quoted, prohibiting conferring of corporate power by special acts; and acts conferring such power have been held valid although they actually conferred it upon but one city. But when that classification has been resorted to for the purpose of evading the requirement of section 26 of article 2 of the constitution that: “all laws of a general nature shall have a uniform operation throughout the state,” its efficacy for that purpose has been denied. Commissioners v. Rosche Brothers, 50 Ohio St., 103; City of Cincinnati v. Steinkamp, Trustee, 54 Ohio St., 284. By repeated and explicit provisions these acts are to operate in Cuyahoga county outside of the city of Cleveland, and in no other' county of the state. Among *182 the subjects of a general nature to be controlled by the act of such.limited operation is that of roads. • For the act assumes to authorize the commissioners to vacate existing roads and to establish others at their discretion. It cannot be necessary to repeat the reasons which have led this court to the conclusion that roads are a subject of general legislation within the meaning of this provision of the constitution.
The fourth section attempts to. create misdemeanors by provisions peculiar to Cuyahoga county. And the provision that “all persons found violating the provisions of this section or any of the rules or regulations or ordinances adopted by any such board or the city council shall be punished on conviction,” etc., can hardly be construed otherwise than as an attempt to delegate to the board authority to define misdemeanors. Perhaps no laws are more commonly regarded as general than those which define and punish crimes and misdemeanors. But added exposition of the subject cannot be necessary in view of the former decisions. Ex parte VanHagan, 25 Ohio St., 426; Ex parte Falk, 42 Ohio St., 638; The State v. Winch, 45 Ohio St., 663.
In Ex parte Falk it was held that an act which provided for the punishment of any person found in any city of the first grade of the first class or within four miles thereof having burglars’ tools in his possession, and extending jurisdiction of the police court of the city over such offenses to said limit of four miles .beyond said city, was void for repugnancy to this section. Enactments which prohibit acts at or near places whose character makes such acts peculiarly hurtful are not exceptions to this rule, for their operation is as wide as their subject.
*183 The present case does not call in question the power of the general assembly to prohibit and punish depredations in public parks, if the power is exercised by a law operating wherever its subject is found. Consideration of other provisions of the act 4s omitted because unnecessary to a conclusion in the case.

Judgment of ouster.

Burket and Dávis, JJ., concur.